IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Pomega Energy Storage Technologies, Inc. and Kontrolmatik Technologies, Inc., | ) ) ) | Civil Action No: 2:24-cv-03205-BHH |
| Plaintiffs, | ) ) | **DEFENDANT'S ANSWERS TO LOCAL RULE 26.01 INTERROGATORIES** |
| v. | ) ) | |
| Jones Lang LaSalle Americas, Inc., | ) ) | |
| Defendant. | ) ) | |

Defendant Jones Lang LaSalle Americas, Inc., ("**JLL**") answers the following Interrogatories pursuant to Local Rule 26.01, DSC:

(A)    State the full name, address, and telephone number of all persons or legal entities who may have a subrogation interest in each claim and state the basis and extent of that interest.

<u>**ANSWER**</u>:    JLL is not aware of any such subrogation interests at this time.

(B)    As to each claim, state whether it should be tried jury or nonjury and why.

<u>**ANSWER**</u>:    **Plaintiffs have requested a jury trial. However, Plaintiffs are not entitled to one. Rather, as will be outlined in a motion to dismiss, Plaintiffs' causes of action are subject to dismissal as they are based on South Carolina law, but South Carolina law does not govern the parties' underlying agreement or relationship. Consequently, Plaintiffs have failed to state claims against JLL upon which relief could be granted and are not entitled to any jury trial on them.**

(C)    State whether the party submitting these responses is a publicly-owned company and separately identify (1) any parent corporation and any publicly-held corporation owning ten percent (10%) or more of the party's stock; (2) each publicly-owned company of which it is a

1

parent; and (3) each publicly-owned company in which the party owns ten (10%) or more of the outstanding shares.

**ANSWER:     JLL is a wholly owned subsidiary of Jones Lang Lasalle, Inc., which is a publicly owned company.  JLL is not the parent of any publicly-owned company and it does not own 10% or more of the outstanding shares of any publicly-owned company.**

(D)     State the basis for asserting the claim in the division in which it was filed (or the basis of any challenge to the appropriateness of the division). *See* Local Civil Rule 3.01.

**ANSWER:  This division is appropriate as Plaintiffs filed the underlying lawsuit in the Circuit Court for Colleton County, South Carolina and Plaintiffs allege that the events giving rise to their claims occurred in Colleton County, South Carolina, see Compl., at ¶ 18.**

(E)     Is this action related in whole or in part to any other matter filed in this district, whether civil or criminal?  If so, provide (1) a short caption and the full case number of the related action; (2) an explanation of how the matters are related; and (3) a statement of the status of the related action.  Counsel should disclose any cases that *may be* related regardless of whether they are still pending.  Whether cases *are* related such that they should be assigned to a single judge will be determined by the clerk of court based on a determination of whether the cases arise from the same or identical transactions, happenings, or events; involve the identical parties or property; or for any other reason would entail substantial duplication of labor if heard by different judges.

**ANSWER:     JLL is not aware of any related matters.**

(F)     If the defendant is improperly identified, give the proper identification and state whether counsel will accept service of an amended summons and pleading reflecting the correct identification.

**ANSWER:     Not applicable.**

(G) If you contend that some other person or legal entity is, in whole or in part, liable to you or the party asserting a claim against you in this matter, identify such person or entity and describe the basis of their liability.

**ANSWER: At this time, JLL does not contend that some other person or legal entity is liable in whole or in part to it or Plaintiffs.**

(H) In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor. This response must be supplemented when any later event occurs that could affect the court's jurisdiction under § 1332(a)

**ANSWER: Plaintiff Pomega Energy Storage Technologies, Inc. is a foreign corporation organized under the laws of the state of Delaware with its principal place of business in Virginia. Compl. at ¶ 12.**

**Plaintiff Kontrolmatik Technologies, Inc., is a foreign corporation organized under the laws of the state of Delaware with its principal place of business in Virginia. Id., at ¶ 12.**

**Defendant JLL is a foreign corporation organized under the laws of the state of Maryland with its principal place of business in Illinois. Id., at ¶ 13.**

3

        Respectfully submitted,

        s/ Catherine F. Wrenn
        Catherine F. Wrenn (Fed. Bar No.: 10230)
        Email:  cwrenn@bakerdonelson.com
        John A. Woods (Fed. Bar No.: 13822)
        Email: jwoods@bakerdonelson.com
        BAKER, DONELSON, BEARMAN,
        CALDWELL & BERKOWITZ, PC
        850 Morrison Drive, Suite 775
        Charleston, South Carolina 29403

        *Attorneys for Defendant Jones Lang LaSalle Americas, Inc.*

May 28, 2024
Charleston, South Carolina

4868-8055-1102